FREDERICK KILGUS, PLAINTIFF, DEFENDANT IN ERROR, v. THE WAYNE COMPANY, DEFENDANT, PLAINTIFF IN ERROR.

Argued June 19, 1913—Decided November 17, 1913.

1. Where the verdict of a jury is informal in form, or, through a clerical mistake, erroneous in amount, but where the real purpose sufficiently appears, the trial court may mould the verdict to correspond with the real finding of the jury as agreed upon and intended to be rendered.

2. In moulding a verdict to correspond with the real finding of the jury the court is not at liberty to add an item, such as interest, which the jury did not agree to find, and this in spite of the fact that in omitting to find such item the jury disregarded the proper instruction of the court.

On error to the Essex Circuit Court.

Suit was brought for a balance of the contract price and for a bonus for early completion at $100 per day (with interest upon both) under a building contract. The defence was a counter claim of $100 per day liquidated damages for tardy completion; and the surplus of contract balance after deducting the tardy completion claim was paid into court and withdrawn by the plaintiff below before trial, leaving an admitted contract price balance of $2,000, which one side claimed should be increased by seventeen days' bonus at $100 per day, and the other side claimed should be wiped out by

an offset of twenty days' penalty at $100 per day, the contract providing for such bonus or penalty as the case might be. The court charged correctly and satisfactorily that if the jury found that completion occurred a definite number of days before the stipulated date, they should find for plaintiff for $2,000 plus a bonus at $100 per day for such number of days, with interest from the date fixed by the contract for final payment, but if completion occurred a definite number of days after its stipulated date, they should find for plaintiff for $2,000 less the penalty of $100 per day for such number of days, also with interest, unless the penalty amounted to twenty days, in which case the verdict should be for the defendant. The jury came into court and reported that they found "For the plaintiff for the full amount of his bill and twelve days' bonus." The court sent them back to compute the amount of their verdict. They returned and rendered a verdict for the plaintiff in the sum of $4,887.53. Application, after due notice, was then made by the plaintiff below to the trial court for permission to remit all of said verdict in excess of $3,200 and interest. Upon the hearing of this application unquestioned affidavits were presented establishing the above facts, which were admitted by both sides to be true. The learned trial judge thereupon in a decision reciting the above facts and affidavits and admissions, granted the application in the following words:

"The jury forgot the fact, admitted all through the trial, that the sum of $3,687.53 had been reduced by payment to $2,000 and treated the sum of $3,687.53 as the amount of the plaintiff's admitted claim, exclusive of bonus. Having determined that there were twelve bonus days, at $100 a day, they added $1,200 to $3,687.53, and so got the sum of $4,887.53, for which ignoring interest, they rendered their verdict. The verdict should be corrected by taking $2,000 as the true amount of plaintiff's bill, adding $1,200 for twelve days' penalty, and $298.85 for interest, making $3,498.85, as the amount of the judgment. The judgment will be reduced accordingly. The application for a rule to show cause is denied."

Subsequently, a formal order reducing the verdict and directing the entry of judgment for the reduced award was, upon the written consent of the defendant, duly made.

For the plaintiff in error, *Hugh B. Reed* and *John R. Hardin.*

For the defendant in error, *McCarter & English.*

The opinion of the court was delivered by

WHITE, J. Where a jury renders an excessive verdict the court may and frequently does, upon a rule to show cause, put the plaintiff upon terms whereby unless he shall, within a fixed time, remit all above an amount specified by the court, the rule shall be made absolute; otherwise, that is, upon his so remitting, it shall be dismissed. This is an exercise of the equitable power of the court whereby it prevents a miscarriage of justice by thwarting the unjust action of the jury in deliberately rendering a verdict for the excessive amount. What the court does is not for the purpose of carrying out the finding of the jury, but on the contrary, to defeat it in so far as it is unjust.

There is another and very different power of the court, however, the purpose of which, instead of being to defeat the intent of the jury, is, on the contrary, to carry it into effect. That power is the right and duty of the trial court in a case where the verdict of the jury is informal in form or erroneous through mistake, but where the real purpose of the jury sufficiently appears, to mould the verdict as rendered to correspond with the substance of the real verdict as agreed upon by the jury and intended to be rendered. This power and duty are well recognized. *Peters* v. *Fogarty,* 26 *Vroom* 386.

In the case at bar this distinction is important because of the fact that in fixing the amount of the reduced verdict the learned trial judge included in it the sum of $298.85, interest, which, as he admits and as is perfectly manifest from the circumstances and the admission of the attorneys on both

sides, the jury did not include nor agree to include in their verdict. If he had been reducing the real verdict in order to thwart an unjust purpose of the jury, he might, with entire propriety, have included this interest item. In his charge he instructed them to include it, and the fact that they did not, could not affect him in making up his own mind as to how much, within the limits of the verdict rendered it was right and equitable for the plaintiff to be permitted to recover. But he was not doing this. He was attempting to mould the verdict rendered so that it would conform with the verdict the jury *intended to render.* He was doing this to correct an inadvertent mistake on the part of the jury in using, in computing their verdict, the wrong figure instead of the right one to represent the undisputed and admitted unpaid balance of the contract price. That is what the voluntary application of the plaintiff (upon which he acted) asked him to do; it is what the proof upon which he relied as justifying what he did do, laid the groundwork for doing; and it is what the language of his decision ("the verdict should be corrected") indicates he was doing. It would be a strange doctrine which would permit a trial judge, in moulding a verdict to correspond with the real finding of the jury, to insert something which admittedly they did not find and never agreed to find. It is no justification to say that they were instructed to so find and should have done so. The remedy for a disregard of proper instructions is a new trial. The trial court is without power to find a verdict the jury did not find. As was said by Mr. Justice Scudder in *Gerhab* v. *White,* 11 *Vroom* 242: "Where there is incongruity in a verdict, the court cannot make it consistent; and where there is ambiguity or uncertainty, the judge cannot make it definite and certain. But where the verdict is informally expressed the court may and should render it formal and effective." This case is urged as an authority against the power of the court to mould this verdict at all, but we think there is a clear distinction. It is true that in the Gerhab case also, the verdict (rendered in the absence of the trial judge) was for the "full amount of the plaintiff's claim." The dif-

ficulty there, however, was that this "full amount" was a disputed and not a fixed amount. The declaration was on the common counts, the bill of particulars claimed $2,828.14, the plaintiff's attorney said before the jury that he would be satisfied with $1,700, and the whole fight was over how much, if anything, the plaintiff's just claim amounted to. It was not possible to say with certainty what the jury meant. In the case at bar the item about which the mistake occurred was undisputed, admitted and definitely fixed, and the only item of dispute, the amount of bonus, was found in unmistakable terms by the jury. There was no possible question of the jury's intention and so no "inconsistency, ambiguity or uncertainty."

It is urged, however, that all the elements (an excessive verdict, a rule to show cause, a fixing of the correct amount by the court, a remission of the excess by the plaintiff, and a discharge of the rule) are here present to constitute a valid exercise of the equitable power of the court to reduce an excessive verdict, and as that alone will render complete justice by including the item of interest, to which clearly the plaintiff below was entitled, the action of the learned trial judge should be affirmed as an exercise of such power, even although it was done under the guise of moulding the verdict. The difficulty with this proposition is that a prior duty of the court intervened. It was the first duty of the trial court to see that the true verdict of the jury was recorded, before it gave a thought to the question of whether that verdict was or was not excessive. The moulding of the verdict is only an exercise of this duty. It is a correction of the record of the verdict making it conform to the verdict as actually agreed upon by the jury. The admitted facts establishing, as they did in this case, that the jury had agreed upon a definite verdict and that through a pure mistake another verdict had been recorded, it became the absolute duty of the court to correct the record so that it would record the real verdict. This could only be done by including just what the jury included and nothing else. It is true that the verdict will then be too small by the item of interest

which the jury did not allow, but so would it have been too small by that amount if the figure named by the jury and recorded had been the one representing what they agreed upon. No one will seriously contend that it is within the power of the court to *add* to the amount of the verdict of a jury an item which they should have agreed to include but did not. The remedy is the granting of a rule for a new trial, and an application for this remedy will still remain open to the plaintiff below, should he desire to avail himself of it, after the verdict has been properly moulded in accordance herewith.

We think the learned trial judge was right in so moulding the verdict as to correct a pure inadvertent mistake on the part of the jury by reducing the sum found to the sum which the jury·thought they were finding, but that he was in error in adding to this, an item (interest) which admittedly the jury did not intend to include in their verdict.

Error is also assigned to the refusal of the trial court to direct a verdict for the defendant. This direction was asked upon the authority of *Van Buskirk* v. *Board of Education,* 49 *Vroom* 650, where this court upheld a direction of a verdict upon the calculation by the architect, in his final certificate, of liquidated damages for a tardy completion. In that case, however, there was no dispute about the date of completion. That was admitted. The dispute arose about extra time allowances for delays of various kinds, and as to these the contract made the architect the arbiter. In the present case the whole dispute is about the date of actual completion, and the contract does not place the determination of that date, for the purpose of ascertaining the bonus or liquidated damages, as the case might be, upon the architect.

Another assignment of the error relates to the admission of an answer to a question, over objection, fixing the time of delay resulting from plumbing trouble with the board of health, at three weeks. The architect had specified hopper toilet closets and they were contrary to the building code and had to be taken out. The evidence would have been entirely proper if followed up by proof of the giving of notice

of extension of time claimed, in accordance with the terms of the contract. This was not done, but we think no harm resulted, for the court in its charge pointed out that the plaintiff could not be credited with any extension of time on account of this delay because he had not claimed it as provided for in his contract.

We do not find merit in the other assignments of error.

The judgment is set aside and the case remanded in order that the verdict may be moulded and corrected in accordance with the views herein expressed.

SWAYZE, J. (dissenting). The verdict was in excess of the full amount of the plaintiff's claim and interest. It is manifest that the jury meant to award the plaintiff all he claimed, and under the charge of the judge they were bound to allow interest. I think we ought to presume that they did so and that the excess only arose from mistake, and we ought not to be governed by what one juror says as to their method of reaching their result. The right of the judge to permit the plaintiff to waive the excess rather than submit to a new trial is settled. Mr. Justice Kalisch requests me to say that he concurs in this dissent.

*For affirmance*—SWAYZE, PARKER, KALISCH, JJ. 3.

*For reversal*—THE CHIEF JUSTICE, GARRISON, MINTURN, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPEN-HEIMER, JJ. 8.