UNION GARAGE COMPANY, APPELLANT, v. SAMUEL AND
MOLLIE WILNER, RESPONDENTS.

Submitted December 11, 1922—Decided March 5, 1923.

1. Matters which do not, and legally cannot. appear on the face of
   a judgment record, and not brought before an appellate court by
   bill of exceptions or other legal process, are not available on
   appeal.
2. At common law the charge of the court to the jury is not returned
   as part of the record, and will not be considered unless brought
   before the court by a bill of exceptions or other legal process.
3. In an action for breach of contract, and counter-claim arising
   out of the contract sued upon, the issue raised calls for a money
   judgment in favor of one of the parties, and a judgment which,
   besides giving money damages, directs the return of a chattel by
   one party to the other is invalid and will be reversed.

On appeal from the Middlesex County Circuit Court.

For the appellant, *Emil Stremlau* and *John A. Coan.*

For the respondents, *Jacob S. Karkus* and *John E. Toolan.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.   This was a suit in the Middlesex
County Circuit Court for the price of an auto truck chassis.
The defense was a denial and counter-claim.   The jury
rendered the following verdict:

"That they find for the defendants, Samuel Wilner and
Mollie Wilner, the sum of seven hundred dollars and against
the plaintiff, Union Garage Company, and that the defendants
Samuel and Mollie Wilner, return to the plaintiff, Union
Garage Company, the car."

And the court thereupon entered the following judgment:

"Whereupon it is adjudged that the defendants recover
of the plaintiff the sum of seven hundred dollars, and their
costs, and that the defendants return to the plaintiff the car."

From this judgment plaintiff has appealed to this court.

The defendants-respondents move *in limine* to dismiss the appeal, permission having been granted to argue the motion with the main case, because the testimony is not returned and printed with the case; that no exhibits appear; that no exceptions are shown to have been taken; that it cannot be ascertained on what theory the case was submitted to the jury; and although notified, the plaintiff has not corrected the objections. And they argue that appellant may not recite facts as in evidence in its brief when the state of the case is incomplete and incorrect.

Plaintiff-appellant replies that the state of the case shows the pleadings, the charge and the judgment, and claims that the issue made by the pleadings, and submitted to the jury, appears in the court's charge; and if the verdict and judgment can be supported on such pleadings and charge, then the case is at an end; but if, on the contrary, they cannot be so supported, the appeal should not be dismissed but the judgment reversed.

The grounds of appeal are, (1) that the judgment could not properly be entered on the jury's verdict; (2) that the jury's verdict and judgment were contrary to the law of the case, and (3) that the verdict and judgment are not within the issues submitted to the jury.

The judge's charge is returned with the record on this appeal, but without the testimony which was adduced upon the trial. Both sides claim advantage from the charge. The appellant submits that the verdict was responsive neither to the issue submitted to the jury by the pleadings nor the issue submitted to the jury in the charge of the court. The respondents urge that the judge in his charge told the jury to take all the evidence in the case and pass upon it; also that the return, or non-return, of the car was one of the issues submitted to the jury. As already remarked, the testimony has not been returned. Nor is the charge properly before us. These are not returned on appeal at common law, and matters which do not, and legally cannot, appear on the face of the record of the judgment, and not brought before the court by bill of exceptions or other legal process, are unavail-

ing. *Lewis* v. *Lewis,* 66 *N. J. L.* 251. *Certiorari* lies where there is a defect in, or diminution of, a record, to secure a full and complete transcript. *Sayre* v. *Blanchard,* 5 *Id.* 551; *Thorpe* v. *Ross, Id.* 720. As the charge in this case is not brought up either by bill of exceptions or *certiorari,* it is not before us and is unavailable to either party.

Suits in the courts of law are for money damages for breaches of contracts, or for torts, unless they be actions in replevin, ejectment, &c., in which property in kind is recovered. The complaint in this case was one for damages for a breach of contract. The answer and the counter-claim were for damages arising out of the contract sued on.

The issue raised between the parties therefore called for a money judgment in favor of one of them against the other. The judgment, as already shown, was in favor of defendants in the sum of seven hundred dollars and costs, and, as a term thereof, ordered that the defendants return the car to the plaintiff. This was not a suit in replevin and the jury was incompetent to award, or the court to adjudge, a return of the car by defendants to the plaintiff. Nor was this a case in which the court could mold the verdict so as to eliminate the award of the return of the auto, because the jury clearly and unequivocally made that a part of their verdict; there is no mistake about it. The court has the power, and it is the right and duty of the trial court in a case where the verdict of the jury is informal or erroneous through mistake—but where the real purpose of the jury sufficiently appears—to mold the verdict as rendered to correspond with the substance of the real verdict as agreed upon by the jury and intended to be rendered. *Kilgus* v. *Wayne Co.,* 85 *N. J. L.* 351, 353. But this question is not before us because the trial court made no amendment of the verdict but rendered a judgment in conformity with the jury's findings.

If this appeal were to be dismissed the judgment would remain of record unless and until the plaintiff procured its vacation by the trial court.

The appeal should not be dismissed, because it was properly brought; but the judgment should be reversed because it is

not in accordance with the issue raised by the pleadings, and is erroneous because beyond the power of the court to enter.

Let the judgment be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK, JJ.    13.