ANDREW CRESCI ET AL., APPELLANTS, v. EDWARD L. GANDY, RESPONDENT.

Argued November 23, 1923—Decided March 3, 1924.

The issue presented by the pleadings in this suit and the question tried at Circuit involved only the return of a money judgment in favor of either one of the parties. The jury found a money verdict in favor of the respondent, coupled with an adjudication for the return of a chattel to the plaintiff. *Held*, that the clear intent of the jury was to return a verdict not within the issue moulded by the pleadings and submitted to it, and that the trial court could not cure the defect in the verdict by striking out that part which directed the return of the chattel.

---

On appeal from the Cumberland County Circuit Court.

For the appellants, *Frank Kotok* and *Herbert C. Bartlett.*

For the respondent, *Francis A. Stanger* and *Leroy W. Loder.*

The opinion of the court was delivered by

MINTURN, J.   The suit was upon a promissory note for the sum of $1,075, representing the balance due upon the purchase price of a tractor, sold by the appellants to the respondent, together with the sum of $112.99, representing a bill for repairs upon the tractor, made by the appellants, at the request of the respondent.   An answer was filed, setting up a warranty of the tractor by the appellants as to workmanship and materials, as well as a further warranty that the tractor would successfully fill the requirements for use upon the respondent's farm, for which use it was purchased; that the tractor proved useless for the purpose, and that the $500 paid by the respondent to the appellants as the initial payment upon the purchase price was therefore due to the respondent, owing to the entire failure of the consideration of the contract.   The case was tried and submitted to the jury upon the theory that the respondent, for the reason given, had rescinded the contract, and the jury found a verdict in favor of the respondent, awarding him the $500, which he had paid on account of the purchase price, with interest, and concluded their verdict with the adjudication, "the tractor to be returned to the plaintiffs."   The Circuit Court judge realizing the legal impropriety of this finale, ordered it struck from the record; which was done, so that the judgment record simply evidences a money judgment in favor of the respondent, while the minutes of the court, as exhibited in the printed record, show this judgment plus the additional award of the tractor to the appellants.   The question presented by this appeal, therefore, is whether the verdict returned is consistent with the issue involved, and is within the triable inqury of the pleadings as presented under the evidence to the jury.

The issue presented by the pleadings and the question tried at the Circuit involved only the return of a money judgment in favor of either of the parties. It was not within the power of the trial court to mould the verdict, excepting in cases of transparent and conceded error in form, in order to practically effectuate the conceded intent of the jury. *Kilgus* v. *Wayne Co.,* 85 *N. J. L.* 351.

But in this instance the clear intent of the jury was to return a verdict not within the issue moulded by the pleadings, nor within the issue upon which the case was tried and submitted to the jury; but to comprehend a claim entirely dehors the record. In such a situation this court, in a recent adjudication, declared that a similar verdict cannot stand, and the question here presented therefore is essentially *res judicata.*

In the case referred to, *Union Garage Co.* v. *Wilner,* 98 *N. J. L.* 441, a verdict not unlike the one at bar was returned by the jury, in an action which at common law and under our earlier practice and pleadings would have been instituted in *assumpsit,* upon the common counts, as would have been the case in this instance, this court, speaking by the learned Chancellor, declared that a verdict for the purchaser in damages, but also requiring them to return the chattel in controversy to the seller "was unwarranted and judgment thereon was beyond the power of the court to enter, because outside the issues made by the pleadings." This determination manifestly renders unnecessary more extended discussion of the question involved. The judgment under review will therefore be reversed, to the end that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK, JJ. 13.