AARON SCHREIBER v. THE FIDELITY AND CASUALTY
COMPANY OF NEW YORK.

Submitted November term, 1923—Decided March 28, 1924.

**Insurance—Accident—Total and Partial Disability Clauses— Court Moulded Verdict at Plaintiff's Request by Increasing Award to Conform to Court's Instructions. Rule Allowed.**

On rule to show cause. Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Edwards & Smith.*

*Contra, Philip J. Schotland.*

PER CURIAM.

This action was brought to recover indemnity under a policy of insurance against disability arising out of accident or sickness. The indemnity provided both for total disability and partial disability, the obligation of the insurer being different in the two cases under the provisions of the policy.

The allegation of the plaintiff was that he became sick as the result of a fall, and that his sickness produced a total disability within the meaning of the provisions of the policy, and that he was entitled to recover the indemnity therein provided. The defense interposed was that the disability was but partial. The trial resulted in a verdict for the plaintiff for $2,062.77. The verdict was rendered on the 10th of May, 1923, and on July 28th the plaintiff applied to the trial judge to mold the verdict so as to increase the amount thereof by $1,300, the theory of the application being that the jury intended to allow the plaintiff on the basis of a total disability during the period elapsing between the time

of his accident and the rendition of the verdict, and that by reason of inadvertence they calculated that the right of action commenced in 1921 instead of 1920. The court took this view, and altered the verdict to the extent of $1,300. The question now presented is whether this action of the trial court was legally correct. It may be that the action of the jury was the result of inadvertence, as claimed by the plaintiff, or it may be that they may have considered that total disability existed during a part of the period covered by the suit, and was then followed by partial disability. Upon this we are left to conjecture. It may be argued that the jury were not justified in doing this, under the charge of the court, but the disregard of a charge is ground for setting the verdict aside, and is not a legal basis for the changing of the verdict to an amount consistent with the rule of damages laid down in the charge. While there is authority for the court to so mold a verdict by reducing it where the error is apparent, to what the correct verdict should be upon the basis of the jury's reasoning, there is no authority for adopting the other course, and molding it to accord with what it should have been if the court's direction were pursued.

It has been declared by the Court of Errors and Appeals that "in molding a verdict to correspond with the real finding of the jury, the court is not at liberty to add an item which the jury did not agree to find, and this in spite of the fact that, in omitting to find such item, the jury disregarded the proper instruction of the court." And it is therein further declared, "no one will seriously contend that it is within the power of the court to add to the amount of the verdict of a jury an item which they should have agreed to include but did not. The remedy is the granting of a rule for a new trial." *Kilgus* v. *Wayne Co.*, 85 *N. J. L.* 551.

These views have been reiterated in *Union Garage Co.* v. *Wilner*, 120 *Atl. Rep.* 4, and during this term by the same court in *Cresci* v. *Gaudy*, reported in 2 *N. J. Adv. R.* 486.

The rule will be made absolute.