ESSEX COUNTY CIRCUIT COURT.

ANGELINA TROVATO, ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF AMBROSE TROVATO, DE-
CEASED, PLAINTIFF, v. COSMO CAPOZZI, DEFENDANT.

Decided December 26, 1935.

For the plaintiff, *Joseph F. S. Fitzpatrick.*

For the defendant, *Collins & Corbin* (by *Charles W. Broadhurst*).

PORTER, C. C. J. This case was tried by the court and a jury on October 24th, 1935. It is an action under the "Death act," based upon the charge of negligence.

The undisputed facts are that Ambrose Trovato and Cosmo Capozzi, together with two others, were riding in the automobile of Capozzi when it overturned, and that Trovato was thrown from the car and instantly killed.

There was a sharp issue of fact presented by the testimony, as to whether Capozzi or the deceased, Trovato, was driving the car at the time of its being overturned. The plaintiff produced as a witness Rocco DeLena who testified that he saw Capozzi, whom he knew by sight, driving the car immediately prior to its overturning. As against that testimony, the defendant and his two companions in the car testified that the deceased was driving.

The jury rendered a verdict in favor of the plaintiff, thus doubtless finding as a fact that the defendant was driving the car and was negligently doing so. The clerk, under instructions of the court, received the verdict in the absence of the court. The verdict was in these words:

"We find in favor of the plaintiff, Angelina Trovato, deceased, and against the defendant, Cosmo Capozzi, for the sum of nine thousand dollars ($9,000.00) damage, payable at the rate of fourteen dollars ($14.00) per week until the fund is exhausted."

Application by the plaintiff has been made for an order moulding the verdict by the elimination of the words "payable at the rate of $14 per week until the fund is exhausted," the contention being that the objectionable words are mere surplusage, that the error is but one of form, and that the real intention of the jury is to award a verdict of $9,000. Briefs have been submitted on that application.

There was applied for by the defendant, and allowed, a rule to show cause why the verdict should not be set aside and a new trial ordered on the ground that "the verdict is against the clear weight of the evidence on the question of whether or not the defendant, Cosmo Capozzi, was driving his automobile at the time of the alleged accident." Partial argument was heard on this rule, and decision was reserved until briefs were furnished and considered on the application for the moulding of the verdict, which matter, it seemed to me, should be first decided.

Upon examining the briefs and authorities therein cited, I have concluded that I am without power to mould the verdict; that it is illegal and void, and that a new trial must be ordered.

That the verdict as rendered is not in proper form is not disputed. The function of the clerk was purely administrative; he was obliged, under the law and the instructions of the court, to receive and record the verdict as rendered by the jury. He so acted in the instant case.

There is a conflict of decisions in various states on the power of the court to mould verdicts. The rule in this state, however, is that the power of the court is limited to the correction of informalities in the verdict so that it will correspond in substance with the intention of the jury. I so read *Kilgus* v. *Wayne Co.*, 85 *N. J. L.* 351; 88 *Atl. Rep.* 1056. That case was cited with approval in *Union Garage Co.* v. *Wilner*, 98 *N. J. L.* 441 (at *p.* 443) ; 120 *Atl. Rep.* 4,

and in *Cresci et al.* v. *Gandy,* 99 *N. J. L.* 417; 124 *Atl. Rep.* 68. In other words, a verdict may be corrected as to form but not as to substance.

The jury clearly intended that the verdict be paid by weekly installments. That, in my opinion, is a matter of substance rather than of form. It may well be that had the jury known that its verdict could not be effective as to weekly payments it would have reached an entirely different principal sum. Nothing in the court's charge could possibly have justified the jury in imposing any conditions or restrictions as to how the verdict was to be paid. I see no distinction in principle between the instant case and *Kilgus* v. *Wayne Co., supra,* where interest was improperly added, or in *Cresci et al.* v. *Gandy, supra,* where the verdict improperly provided for the return of "the tractor."

Having reached this conclusion, it becomes unnecessary for me to decide the rule to show cause as to the weight of the evidence on the question of who was driving the automobile.

A new trial will be ordered, without costs, on this motion.