MORRIS COUNTY CIRCUIT COURT.

CLYDE J. ROBB, ADMINISTRATOR AD PROSEQUENDUM
OF THE ESTATE OF GEORGIANNA ROBB, DECEASED,
PLAINTIFF, v. JOHN C. HICKEY, INC., A NEW JERSEY
CORPORATION, AND ROGER W. KING, DEFENDANTS.

Decided July 2, 1941.

For the plaintiff, *Riordan J. Roett, Jr.* (*Frank C. Scerbo,* of counsel).

For the defendants, *McCarter, English & Egner* (*Gerald McLaughlin,* of counsel).

LEYDEN, C. C. J.   The issues presented by the pleadings were the negligence of the defendants and the contributory negligence of the plaintiff's decedent. The jury was instructed concerning the applicable principles of law, in the course of which it was pointed out that if contributory negligence upon the part of the plaintiff's decedent had been established, the comparative degrees of the negligence of the parties was immaterial.

The jury returned a verdict in the absence of the judge and it was recorded at the clerk's desk as follows: "The jury finds that there was negligence on the part of both parties involved—The evidence shown is that the defendant was more

negligent than the plaintiff—We therefore recommend an award of $2,000 to the plaintiff Clyde J. Robb and against the defendants John C. Hickey, Inc., a New Jersey Corporation, and Roger W. King."

Both parties are dissatisfied with the verdict; the plaintiff with its substance and the defendants with its form. Plaintiff has a rule to set aside the verdict upon the ground that it is ambiguous, inconsistent, inadequate and contrary to the charge of the court. Defendants, upon notice, move to mould the verdict into one in favor of the defendants and against the plaintiff, urging that it is merely informal and the intent of the jury to find for the defendants is clearly indicated by the sentences: "The jury finds that there was negligence on the part of both parties involved—The evidence shown is that the defendant was more negligent than the plaintiff  *  *  *;" that the balance of the verdict recommending an award of $2,000 to the plaintiff should be treated as surplusage and disregarded.

It is true that a verdict must be responsive to the issues and recommendations of the jury dehors the issues submitted by the court, such as the suggestion of the equal division of another fund between the parties (*Haller* v. *Haller*, 45 *Pa. Super.* 409) or the amount claimed in the suit be donated to the American Red Cross (*Rosbyn* v. *White*, 189 *N. W. Rep.* 577) or each party (plaintiff being unsuccessful) pay his own cost (*Lykins* v. *Hamrick*, 137 *S. W. Rep.* 852) or of leniency in a criminal case (*State* v. *Overton*, 85 *N. J. L.* 287; 88 *Atl. Rep.* 689) may be treated as surplusage and properly disregarded.

However, such is not the situation in the instant case. Here the verdict finds both parties guilty of negligence, erroneously compares the degrees of their negligence and recommends an award of $2,000 in favor of the plaintiff and against both defendants. What then did the jury agree upon and intend? Did it find in favor of the defendants as is legally indicated by the first sentence, or in favor of plaintiff in the sum of $2,000 as is clearly indicated by the last sentence? The recommendation of an award to the plaintiff is pertinent to the issues, for basically the liability of defendants to plaintiff

in damages was in question. It cannot be treated as surplusage and disregarded. Reading the verdict as a whole, it is self contradictory, inconsistent and ambiguous. One is left to conjecture and surmise as to the real purpose of the jury. It is defective in substance, not merely in form.

The court may, in fact should, mould an informal verdict to render it formal, effective and to coincide with the substance of the verdict as agreed upon and intended by the jury, but this power is only exercised where the real purpose and intent of the jury clearly, sufficiently and convincingly appears. *Kilgus* v. *Wayne Co.,* 85 *N. J. L.* 351; 88 *Atl. Rep.* 1056. Where, as here, the verdict is uncertain or ambiguous, it cannot be moulded. The court will not substitute its verdict in place thereof. *Gerhab* v. *White,* 40 *N. J. L.* 242.

This leads to the denial of defendants' motion to mould and is also dispositive of the plaintiff's rule. The latter will be made absolute and a new trial granted.