ANNA B. AYLWARD *vs.* MICHAEL RUDIS *et al.*

APRIL 29, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This action in assumpsit was brought by the payee and holder of a promissory note to recover thereon from one of the two makers. The case was tried in the superior court where a jury returned a general verdict for the plaintiff and also a certain special finding in favor of the defendant. Thereafter the defendant's motion for a new trial was granted by the trial justice and the case is here on the plaintiff's bill of exceptions to that and other rulings during the trial.

The two defendants named in the writ were Michael Rudis and Daniel J. Aylward, both of whom executed the note which was payable to the plaintiff Anna B. Aylward. The latter is also the wife of said Daniel J. Aylward, who was associated with Michael Rudis in a partnership doing business as Mayfair Furniture Company. The action was begun by a writ of attachment, which was served only upon defendant Rudis and his property. For some unexplained reason the writ was not served upon plaintiff's husband or his property, although he was both a maker of the note and a named defendant in the writ. At the conclusion of the evidence the court denied a motion by defendant Rudis to take the case from the jury because plaintiff's husband was not served. Consequently the case proceeded against Rudis as the sole defendant. The plaintiff's husband did not testify. It also appears in evidence that, after the note was delivered and before trial, receivers of the Mayfair Furniture Company partnership were appointed

by the court on the application of plaintiff's husband, and that in such proceeding plaintiff did not file any claim on the note.

The plaintiff, however, presented in evidence a bank check dated January 14, 1948 in the sum of $3,500 payable to her order and endorsed by her in blank. This check was cashed upon a stamped endorsement "Pay Union Trust Co. Providence, R. I., or Order  Mayfair Furniture Co." and was the consideration for the promissory note dated January 14, 1948 in the amount of $3,500 and made payable to plaintiff three months after date. The note was signed by plaintiff's husband and defendant Michael Rudis and was witnessed by Rosamond Kennedy, bookkeeper to Aylward in another business which he also conducted. On cross-examination plaintiff admitted that at least $3,400 of the money withdrawn by her from her own bank account had been deposited therein a few days previously from money belonging to her husband, which at the trial she claimed was a gift from him.

On the other hand defendant Rudis admitted that he and Aylward had signed the note, but claimed that the loan was made to the partnership as indicated by the endorsement on the check. He further testified that all the money belonged in fact to his partner and not to plaintiff; that she was used merely as a nominal conduit through which her husband advanced or loaned money to the partnership in which he was a member; that at the time there was an understanding and parol agreement, made in the presence and with the consent or acquiescence of plaintiff, that payment of the note would be collected by her husband out of the partnership funds; and that pursuant thereto her husband made four withdrawals from such funds, one of $1,100 and three others of $800 each. This last evidence, as to withdrawals, although not corroborated by the partnership books of account which apparently were in the hands of the

auctioneer or receiver, was not denied by plaintiff or her husband.

On this general state of the evidence the jury was instructed by the trial justice, among other things, to determine whether or not the money was given to plaintiff by her husband or actually belonged to him, and that if she in fact had advanced her husband's money to him and Rudis as partners, she would not be entitled to recover. He also submitted defendant's request for a special finding as follows: "Was the money given for the promissory note in fact the money of Daniel Aylward?" As indicated, the jury returned a general verdict for the plaintiff in the amount of the note with interest and also a special finding to the effect that the money advanced as consideration for the note actually belonged to plaintiff's husband and not to her. Thereafter in granting defendant's motion for a new trial the trial justice noted the inconsistency between the general verdict and special finding, cited certain cases where new trials were granted because of a similar conflict, and held in effect that the jury did not follow the instructions of the law given by him at the trial.

All but two of plaintiff's exceptions relate to evidentiary rulings regarding generally the admission of parol evidence as to whom the money belonged and the agreement allegedly made before or at the time of the transaction, which according to plaintiff varied the positive written promise of the note. These are grouped by plaintiff in arguing that regardless of the fact of ownership, such evidence was not admissible under the parol evidence rule or under the Uniform Negotiable Instruments Law to show a failure of consideration or to vary the terms of the note.

If the testimony was admitted solely for such purposes, plaintiff's contention would not be without support. In the absence of an equitable plea the case would be governed by *Atwood* v. *Lester*, 20 R. I. 660. In that case, after showing that a prima facie proof was made out by presentment of a

note, proof of its execution and advance of the money, the court stated at page 665: "It was no concern of the defendants where the plaintiff got the money, or whether she held it as trustee or otherwise, and hence the question was wholly irrelevant." To a similar effect see *Brooks* v. *Josephson*, 47 R. I. 78, 81.

However, the instant case presents unusual features, as observed by the trial justice. It is sufficient to note that the action is not brought by an ordinary holder in due course without notice but by the payee who had knowledge of all the relationships involving the two makers and the loan. In other words, the suit was between the original parties to the note and no question of negotiability was in issue. In the peculiar circumstances of record the evidence in question was admissible, not to vary the instrument but to explain the entire transaction which to plaintiff's knowledge was alleged to have induced the loan and note. See *Morris Plan Co. of R. I.* v. *Di Stefano*, 53 R. I. 190, 193.

Moreover, in any event the introduction of such parol evidence would be relevant to and admissible under another issue. The defendant claimed not only a failure of consideration but also asserted payment to plaintiff's husband as her established agent to collect the note out of the partnership funds. Conceivably the existence of such agency might well be affected materially by a determination as to the ownership of the money. If plaintiff were loaning money belonging only to her, independently of her husband, more convincing evidence might be necessary to establish his right to collect for her in a particular way. On the other hand, if the money actually belonged to her husband and plaintiff were merely a nominal conduit to effectuate his own loan to the partnership, less evidence might be necessary to prove that he had reserved the right in the premises to act as her agent to collect or receive payment. Consequently we are of the opinion that the evidence complained of, even if not competent on the issue of failure of con-

sideration, was nevertheless relevant in the circumstances on the issue of agency and payment. See *Commercial Investment Trust Co.* v. *Lambert,* 48 R. I. 493, 495. The exceptions as to evidentiary rulings are overruled.

The plaintiff's next exception relates to the trial justice's charge in granting the request for a special finding as to whether the money advanced actually belonged to plaintiff's husband. In the absence of an equitable plea or a claim of fraud or misrepresentation, we are of the opinion that under *Atwood* v. *Lester, supra,* the positive charge of the court in relation to the subject matter of this request was too broad and, at least without some further qualification, was prejudicial. This exception is therefore sustained.

The last exception is to the granting of a new trial. The jury obviously did not follow the instructions of law as given by the trial justice. It is not clear whether they misconceived such law in arriving at the general verdict or in answering the request for a special finding. The trial justice in passing on the motion for a new trial was bound to follow the law he had given to the jury. Ordinarily the sustaining of plaintiff's exception as to a material part of the charge, if found to be prejudicial, would necessitate a new trial. Here a new trial was granted, although it was accomplished on defendant's motion based on other grounds. In the peculiar circumstances therefore we think that plaintiff is not prejudiced by the granting of a new trial.

But plaintiff argues that we should remit the case with direction to enter judgment on the general verdict. However, the evidence in the record is in conflict in several particulars and defendant's testimony as to withdrawals by plaintiff's husband from partnership funds is not disputed. Consequently if the jury found that the husband was plaintiff's constituted agent to accept or collect payment in that particular way, the defendant's evidence as to payment would preponderate. Therefore in the circumstances we are of the opinion that, without unwarranted

speculation, we cannot say that judgment should be entered for the plaintiff or that she was prejudiced by the decision granting a new trial.

The plaintiff's exception to the charge relating to the request for a special finding is sustained, the other exceptions are overruled, and the case is remitted to the superior court for a new trial.

*Harold H. Winsten,* for plaintiff.

*Voigt, Wright & Slade, James J. Fogarty, Jr., Edward J. Plunkett,* for defendants.