**239 A.2d 723.**

EDWARD LARUE *vs.* SAMUEL GORMAN.

MARCH 19, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This civil action for assault and battery was tried to a justice of the superior court sitting with a jury. The jury returned a verdict for the plaintiff in the amount of $750. The defendant's motion for a new trial was heard and denied by the trial justice. From a judgment

574

entered pursuant thereto the defendant has appealed to this court.

In support of his appeal defendant argues that a new trial should have been granted because of alleged improper conduct on the part of the trial justice in directing the foreman of the jury to amend the form of the verdict returned by the jury. It is well settled in this state that such a claim of error, although it may be reviewed if properly raised in this court, will not be considered on a motion for new trial. G. L. 1956, §9-23-1, provides for the hearing of motions for a new trial by the superior court, which may be granted "* * * for any reason for which a new trial is usually granted at common law, other than error of law occurring at the trial."[1]

It is clear from an examination of the record that the action of the trial justice of which the defendant complains would, if wrong, constitute error of law occurring during the course of the trial. Clearly the statute confers no jurisdiction upon the superior court to consider such errors on the motion for new tral. See *Olivieri* v. *Corsetti,* 103 R. I. 5, 234 A.2d 117, and cases cited therein. The question of whether it was error for the trial justice to direct the foreman to amend the form of verdict is not before us, inasmuch as the defendant failed to object to that ruling.

---

[1] *Jurisdiction* of the superior court to set aside a jury verdict and to order a new trial in the cause is conferred on the superior court by G. L. 1956, §9-23-1. "Under the charter, and under the constitution, the jurisdiction of the courts of this state as to new trials has always depended entirely upon statute." *Clark* v. *New York, New Haven & Hartford R. R. Co.,* 33 R. I. 83, 85, 80 Atl. 406, 407. It should be noted that the *procedures* to be followed in moving for a new trial are prescribed in Rule 59 of the Rules of Civil Procedure of the Superior Court promulgated pursuant to the provisions of §8-6-2. The latter statute confers rule-making power on the superior court and contemplates that the rules to be enacted pursuant thereto "* * * must be construed as referring only to matters within the domain of pleading, practice and procedure." *Dyer* v. *Keefe,* 97 R. I. 418, 423, 198 A.2d 159, 162.

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Toro and Crouchley, Eugene F. Toro, C. Vincent Fay,* for plaintiff.

*Levy, Goodman, Semonoff & Gorin, Jordan Tanenbaum,* for defendant.