240 A.2d 414.

WILLIAM E. WALKER *et al. vs.* OMER J. ST. LAURENT *et ux.*

APRIL 4, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This case is before us on the defendants' appeal from an order of a trial justice of the superior court denying their motion to alter a judgment entered upon a verdict in the amount of $1,185.75 and ordering a new trial under rule 59 (d) of the rules of civil procedure of the superior court.

The pertinent facts are as follows. The defendants are the daughter and son-in-law of plaintiff William E. Walker. The remaining plaintiffs are the surviving children and heirs-at-law of William E. Walker and his deceased wife, Emma F. Walker. The plaintiffs allege in their complaint that defendants breached a contract which they entered into with the plaintiff William E. Walker and his now deceased wife whereby, in consideration of their deeding title to their farm to defendants, the defendants promised to provide them with care and maintenance during their natural lives.[1]

The jury found specifically that "* * * plaintiff has not proven a breach of contract," but proceeded to award damages to plaintiff William E. Walker in the amount of $1,-185.75 as follows:

---

[1] The complaint also contained three other counts dealing with the same contract. These three counts, which sounded in equity, are not involved in this appeal.

"1) the Union Hospital bill in the amount of $741.50 for the time spent there by Mrs. Emma Walker and 2) $444.25—the difference between $1044.25 (the amount of the funeral bill for Mrs. Emma Walker) and $600, the alleged proceeds of the insurance policies on the life of Mrs. Emma Walker."

Judgment for this amount was thereupon entered for plaintiff, William E. Walker.

Within 10 days of the entry of the judgment, defendants moved to alter the judgment so as to read, "Judgment for Defendants Omer J. St. Laurent and Helen F. St. Laurent." This motion was denied by the trial justice who, on his own motion under rule 59 (d) of the rules of civil procedure of the superior court, ordered a new trial.

The defendants contend that the trial justice erred in denying their motion to alter the judgment and in ordering a new trial under rule 59 (d). In considering defendants' first contention, we note that rule 59 (e) states only that

"* * * A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

Since there exists in Rhode Island no case in point under this rule, we find it useful to consider the manner in which the federal courts have treated cases arising under its identical counterpart, rule 59 (e) of the federal rules of civil procedure.

In *Continental Cas. Co.* v. *American Fidelity & Cas. Co.*, 186 F. Supp. 173, 178 (S.D. Ill. N.D.), the court stated that although the language of rule 59 (e) is not particularly helpful, it is

"* * * intended as an express recognition of the inherent power of a trial court to correct errors of law and of fact which have intervened in the entry of any judgment * * *."

In *Walker* v. *Bank of America Nat'l Trust & Sav. Ass'n*, 268 F.2d 16 (C.A. 9th), *cert. denied*, 361 U. S. 903, 80 S. Ct.

211, 4 L.Ed.2d 158, *rehearing denied,* 361 U. S. 941, 80 S. Ct. 367, 4 L. Ed.2d 361, the court held that an order denying a motion to alter or amend a judgment is reversible only for manifest abuse of discretion.

On the record before us, we cannot say that the trial justice exhibited a manifest abuse of discretion in denying defendants' motion. It was in no way logically possible for the trial justice to correct an obvious error of law or fact by altering the judgment in question. The nature of the jury's verdict makes it clear that the jury did not fully understand either the charge as given by the trial justice or the contract upon which it was passing. Its findings, as announced by the foreman, were confused, ambiguous and inconsistent, thereby rendering the intention of the jury unclear. In order for a judgment entered upon such a verdict to be altered, it would be necessary for a trial justice to be able to say with certainty what the jury meant. *Kilgus* v. *Wayne Co.,* 85 N.J.L. 351, 88 Atl. 1056, 1057. In this case it was clearly beyond the realm of all possibility to make such a determination.

We next consider defendants' second contention that the trial justice erred in ordering a new trial on his own initiative under rule 59 (d) of the rules of civil procedure of the superior court. That rule states as follows:

> "* * * Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

In our opinion, the trial justice complied with both aspects of this rule.

General laws 1956, §9-23-1, as amended, confers jurisdiction on the superior court to grant new trials "* * * for any reason for which a new trial is usually granted at common law, other than error of law occurring at the trial." *LaRue* v. *Gorman,* 103 R. I. 573, 239 A.2d 723. The situation

before us is, for all intents and purposes, one where the trial justice found the jury's special findings to be inconsistent with its general verdict, and it is one of the grounds for which a new trial could, at common law, have been granted. *Aylward* v. *Rudis*, 81 R. I. 474, 104 A.2d 557; *Hill* v. *Cabral*, 66 R. I. 145, 18 A.2d 145. Thus, under rule 59 (d) it is clear that the trial justice had before him an instance where he "* * * might have granted a new trial on motion of a party."

We also conclude that the trial justice satisfied the requirement of specifying his grounds for ordering a new trial. In his decision he states:

> "* * * I think the jury found one way for the purpose of burden of proof and yet returned findings of liability without following the law as I gave it to them * * *."

The defendants' appeal is denied and dismissed and the order denying the defendants' motion to alter a judgment and granting a new trial is sustained.

*Corcoran, Peckham & Hayes, Arthur W. Murphy,* for plaintiffs.

*Moore, Virgadamo, Boyle & Lynch, Salvatore L. Virgadamo, Jeremiah R. Leary,* for defendants.