283 A.2d 886.
GEORGE A. THOMAS *vs.* CHARLES D. 'JANNARELLI.

NOVEMBER 22, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This civil action for negligence was tried to a Superior Court justice and a jury which returned a

verdict for the defendant. It is before us on the plaintiff's appeal from the judgment accordingly entered and from the trial justice's denial of the plaintiff's motion for a new trial.

This action arose out of a motor vehicle collision between three cars, plaintiff's, defendant's, and a third car. The question of negligence, however, is not before us.

At trial, plaintiff testified that he visited a Dr. Robert Maiello on the day following the accident and consulted an attorney thereafter. On cross-examination, a bill from Dr. Maiello and correspondence from plaintiff's attorney, tended to establish that plaintiff had consulted with the attorney prior to visiting Dr. Maiello. The effect of this, as plaintiff views it, was to seriously impair his credibility.

The trial was commenced on November 17, 1970, and on the following morning, plaintiff informed the court that he had completed his case except for producing Dr. Maiello, who was not available that day. The trial justice permitted him to rest, preserving plaintiff's right, however, to produce Dr. Maiello the following day. Having done this, the trial justice directed defendant to go forward with his case.

The defendant's presentation was very brief and was completed on the morning of November 18, the second day of the trial. Consistent with his ruling that plaintiff would have the following day in which to produce the doctor, the trial justice continued the case until the morning of November 19.

On the morning of this day, however, plaintiff informed the court that he had been unable to contact Dr. Maiello and asked that the case be passed. In support of this request, he informed the court that he had attempted to have a deputy sheriff serve the doctor with a summons but that the officer had been unsuccessful.

The trial justice refused to pass the case as requested.

He pointed out that in a pre-trial conference he had inquired about the doctor's availability and had been advised by plaintiff that there would be no problem. He further pointed out that notwithstanding this assurance that the doctor would be available when called, he, the trial justice, had continued the case from the morning of the 18th to the 19th in which to give plaintiff additional time.

The plaintiff's appeal from the judgment is based on the proposition that it was error for the trial justice to refuse to pass the case. It is a well-settled principle that such a motion is addressed to the sound judicial discretion of the trial justice. *Strzebinska* v. *Jary,* 58 R. I. 496, 193 A. 747 (1937) and *Romano* v. *Caldarone,* 78 R. I. 107, 79 A.2d 763 (1951).

The plaintiff acknowledges this to be the rule but argues that the trial justice's denial in the instant case was a clear abuse of discretion in that without Dr. Maiello to clear up an apparent inconsistency, plaintiff's credibility was unfairly impaired. Specifically, plaintiff argues, Dr. Maiello would have testified that plaintiff had first visited him on the day after the accident, which testimony would have corroborated that of plaintiff.

However, plaintiff made no offer of proof that such would have been the doctor's testimony. Absent such offer this court has no basis for concluding that the trial justice's refusal to pass the case was an abuse of discretion.

So holding, we are not deciding that had an offer of proof been made the trial justice's refusal to pass would necessarily constitute an abuse of discretion. We hold only that in the circumstances here, his refusal was clearly not an abuse.

The plaintiff's other assignment of error is that the trial justice erred in denying plaintiff's motion for a new trial. In this motion, plaintiff in addition to the usual grounds,

included the refusal of the trial justice to pass the case. This was the only ground relied on by plaintiff both in his argument to the trial justice and the contention that he made here.

Stressing such reliance, the trial justice correctly held that, assuming that his refusal to pass the case constituted error, he lacked jurisdiction to grant a new trial on that ground. We agree. *Walker* v. *St. Laurent,* 103 R. I. 636, 240 A.2d 414 (1968); *LaRue* v. *Gorman,* 103 R. I. 573, 239 A.2d 723 (1968) and *see Ralph* v. *Taylor,* 33 R. I. 503, 82 A. 279 (1912).

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for appropriate proceedings.

*Smith & Smith, Z. Hershel Smith,* for plaintiff.

*Francis V. Reynolds, Bernard W. Boyer,* for defendant.